UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants | Case No.: 2:18-cv-00978-APG-CWH<br><br>**Order (1) Granting Canyon Gate's Motion to Dismiss, (2) Granting in Part SFR's Motion to Dismiss, and (3) Denying SFR's Motion to Stay**<br><br>[ECF Nos. 10, 22, 25] |

Plaintiff Bank of New York Mellon (BONY), as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2002-RS3, sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA) extinguished BONY's deed of trust encumbering property located at 1809 Iron Ridge Drive in Las Vegas, Nevada. Defendant SFR Investments Pool 1, LLC bought the property at the HOA foreclosure sale. BONY also sues the HOA, defendant Canyon Gate Master Association, for damages if the deed of trust was extinguished.

Canyon Gate and SFR separately move to dismiss BONY's complaint. SFR also moves to stay the action while I resolve the motions to dismiss. I grant Canyon Gate's motion and grant in part SFR's motion, without prejudice for BONY to amend to add allegations that would toll the limitations period for the time-barred claims if such facts exist.

**I. CANYON GATE'S MOTION TO DISMISS**

BONY asserts against Canyon Gate claims for declaratory relief (count two), quiet title (count three), wrongful foreclosure (count four), unjust enrichment (count five), breach of

contract (count six), misrepresentation (count seven), and breach of the covenant of good faith and fair dealing (count eight). Canyon Gate moves to dismiss all claims against it.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Quiet Title and Declaratory Relief (counts two and three)**

Canyon Gate argues that BONY relies on *Bourne Valley*, but *Bourne Valley* is no longer good law. BONY responds that *Bourne Valley* is still binding authority.

*Bourne Valley* is no longer controlling law. *See U.S. Bank Nat'l Ass'n on behalf of GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 4604455, at *1-2 (D. Nev. Sept. 25, 2018). As I have previously held, and as the Supreme Court of Nevada has confirmed, the HOA foreclosure statutes do not violate BONY's due process rights. *See Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1053-57 (D. Nev. 2016); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *9 (D. Nev. Mar. 31, 2016); *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018) (en banc). I therefore grant Canyon Gate's motion to dismiss the quiet title and declaratory relief claims in counts two and three.

### B. Wrongful Foreclosure (count four)

Canyon Gate contends this claim is time-barred because it essentially seeks liability created by statute and thus is subject to a three-year limitation period. BONY responds that the limitation period should run from the date the Supreme Court of Nevada issued *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) (en banc), because before then BONY did not know the HOA sale would extinguish its deed of trust. BONY also asserts that in 2012, a loan servicing company sued multiple HOAs and their collection agents for declaratory judgment to allow the loan servicer to pay the superpriority lien. BONY contends that during that case, the HOAs and their trustees took the position that the superpriority lien was not triggered until the deed of trust holder foreclosed. BONY thus contends it was justifiably under the impression that its deed of trust was not jeopardized by the HOA foreclosure sale.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving

rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

The HOA foreclosure sale took place on September 19, 2013, the trustee's deed upon sale was recorded on September 24, 2013, and BONY filed the original complaint in this matter on May 29, 2018. ECF Nos. 1 at 1; 17 at 6. Although not alleged in the complaint, Canyon Gate and BONY appear to agree that BONY filed a request for mediation with the Nevada Real Estate Division (NRED) on January 30, 2018, and that proceeding concluded on March 30, 2018. Even considering the time the limitation period was tolled while the NRED proceeding was pending, any claim with a limitation period of four years or less would be untimely.

A wrongful foreclosure claim may be based on statutory violations or it may be a tort. *Hines v. Nat'l Default Servicing Corp.*, No. 62128, 2015 WL 4611941, at *2 (Nev. July 31, 2015). Allegations that seek damages based on statutory violations are governed by the three-year limitation period in § 11.190(3)(a). Allegations that seek damages based on tortious wrongful foreclosure are governed by a four-year limitation period. *Deutsche Bank Nat'l Trust Co. v. Absolute Collection Servs., LLC*, 2:17-cv-02436-APG-VCF, ECF No. 30 (D. Nev. July 18, 2018). Thus, whether statutory or tortious, BONY's wrongful foreclosure claim is untimely.

I reject BONY's argument that the limitation period began running when the Supreme Court of Nevada issued *SFR Investments Pool 1, LLC*. Simply reading the statute that grants HOAs a superpriority lien would have put BONY on notice of the possibility that its deed of trust was in jeopardy. *SFR Investments Pool 1, LLC* "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc). The limitation period started running on the date the trustee's deed upon sale was recorded because

4

BONY knew or should have known of its injury at that time. *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) ("If the facts giving rise to the cause of action are matters of public record then the public record gave notice sufficient to start the statute of limitations running." (quotation and alteration omitted)).

As for BONY's assertion that HOAs and their agents were telling lenders the superpriority lien was not triggered until the lenders foreclosed, BONY relies on facts that are not alleged in the complaint. I therefore will grant Canyon Gate's motion to dismiss the wrongful foreclosure claim, but without prejudice to BONY amending to add facts that would make plausible the potential for some form of tolling the limitation period. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). I express no opinion at this time whether BONY's arguments in its opposition would support tolling. That will depend on what BONY alleges in an amended complaint.

### C. Unjust Enrichment (count five)

Canyon Gate contends the allegation that it was unjustly enriched by retaining the proceeds of the sale beyond the superpriority amount is untimely because it is subject to a four-year limitation period. Canyon Gate also argues that the allegation that BONY paid taxes and insurance does not state a claim against it because it did not own the property, so it did not receive or retain a benefit from BONY. BONY did not respond to these arguments. I therefore grant this portion of Canyon Gate's motion as unopposed. LR 7-2(d).

### D. Contract Claims (counts six and eight)

Canyon Gate argues that BONY's contract claims fail as a matter of law because the Covenants, Conditions, and Restrictions (CC&Rs) were modified by operation of law to provide a non-waivable superpriority lien. BONY responds that the CC&Rs were not and cannot be

5

modified by operation of law because the CC&Rs pre-date Chapter 116's enactment, and the enactment of Chapter 116 cannot retroactively disrupt vested contractual rights in the CC&Rs. In reply, Canyon Gate argues that there is no retroactivity or Contracts Clause problem because (1) the deed of trust was not executed until after Chapter 116 was enacted and (2) BONY accepted the assignment of the deed of trust in 2018, long after Chapter 116 was enacted.

An HOA cannot subordinate the superpriority lien to a first deed of trust through its CC&Rs. Under Nevada Revised Statutes § 116.1104, Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as expressly provided in" Chapter 116, and nothing in Chapter 116 "expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." *SFR Investments Pool 1*, 334 P.3d at 418-19 (quotations omitted); *see also RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien.").

BONY contends *SFR Investments Pool 1, LLC* is distinguishable because there the CC&Rs and deed of trust were recorded after Chapter 116 was enacted in 1991. 334 P.3d at 409. Here, in contrast, the CC&Rs were recorded in 1989, before Chapter 116 created the superpriority lien and before § 116.1104 precluded a waiver of that lien's priority position. BONY thus argues that to retroactively apply Chapter 116 to the 1989 CC&Rs would violate the Contracts Clause of the United States Constitution by disrupting vested contractual rights. *See* United States Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts.").

The deed of trust was executed in 1996 and BONY accepted an assignment of that deed of trust in 2018. ECF Nos. 1-3; 1-6. Consequently, neither BONY nor its predecessors were

parties (either directly or as intended third-party beneficiaries) to the CC&Rs at the time of Chapter 116's enactment in 1991. They thus had no vested or existing contractual rights that the change in the law might impair. When BONY's predecessor decided to execute the deed of trust, and when BONY decided to accept assignment of the deed of trust, they did so with full knowledge of Chapter 116's provisions. *See JPMorgan Chase Bank, N.A. v. 1209 Vill. Walk Tr., LLC*, 414 P.3d 813, 2018 WL 1448805, at *2 (Nev. 2018) (holding the 1999 amendments to Chapter 116 applied to a foreclosure where the deed of trust was executed after those amendments because the bank did not contract "under the pre-1999 version of NRS 116 or the property's CC&Rs, [so] the change in law did not impair an existing contractual relationship"); *U.S. Bank Nat'l Ass'n v. Nevada New Builds*, LLC, 406 P.3d 958, 2017 WL 5952881, at *2 (Nev. 2017) (holding that where the CC&Rs were recorded in 1990 and the deed of trust was executed in 2008, the plaintiff bank "had notice when it acquired its interest that, under NRS Chapter 116, [the HOA] had the right to conduct a nonjudicial foreclosure sale and to foreclose as a superpriority lien holder, thus extinguishing [the bank's] rights as beneficiary on the first deed of trust"). Section 116.1104's non-waiver provision therefore applies in this case.

The mortgage protection clause in the CC&Rs was rendered unenforceable by operation of law, so there was no breach of the CC&Rs or of the covenant of good faith and fair dealing. I therefore grant Canyon Gate's motion to dismiss the contract-based claims.

### E. Misrepresentation (count seven)

Canyon Gate contends this claim is untimely because it is subject to a three-year limitation period under Nevada Revised Statutes § 11.190(3)(d) as a claim based on fraud or mistake. BONY contends this claim is timely because it is based on a violation of the CC&Rs' mortgage protection clause and so is subject to the six-year limitation period in § 11.190(1)(b).

7

An "action upon a contract, obligation or liability founded upon an instrument in writing" must be brought within six years. Nev. Rev. Stat. § 11.190(1)(b). In contrast, an "action for relief on the ground of fraud or mistake" must be brought within three years of the aggrieved party discovering "the facts constituting the fraud or mistake." *Id.* § 11.190(3)(d).

This claim is governed by the three-year limitation period and thus is untimely. The fact that the misrepresentation is contained in a written document does not bring it within the six-year limitation period. *See El Rancho, Inc. v. New York Meat & Provision Co.*, 493 P.2d 1318, 1322 (Nev. 1972) (stating that § 11.190(1)(b) applies where there is "a writing which fairly imports the obligation to pay"); *Job's Peak Ranch Cmty. Ass'n, Inc.*, 2015 WL 5056232, at *1, 4 (holding misrepresentation claims were subject to a three-year limitation period where alleged misrepresentation was contained in a development agreement). I therefore grant Canyon Gate's motion to dismiss this claim. However, like the wrongful foreclosure claim, I will grant BONY leave to amend to allege facts supporting tolling if such facts exist.

## II. SFR'S MOTION TO DISMISS

BONY asserts against SFR claims for quiet title and declaratory relief (counts one through three) and unjust enrichment (count five).

### A. Quiet Title and Declaratory Relief (counts one through three)

SFR contends these claims are untimely because they essentially seek liability based on a statute and thus are subject to a three-year limitation period. Alternatively, SFR contends the four-year catchall limitation period applies, in which case BONY's claims still are untimely.

BONY responds by repeating its arguments that the limitation period did not begin to run until the Supreme Court of Nevada issued the *SFR Investments Pool 1, LLC* decision in 2014 and that the lenders were misled by the position taken by several HOAs and their collection agents.

8

BONY also contends a five-year limitation period applies to its claims. Alternatively, BONY asserts that no limitation period applies to its declaratory relief claim.

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of America, N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). BONY's quiet title and declaratory relief claims are untimely, unless some other reason exists to extend or dispense with the statute of limitations. BONY suggests multiple grounds for why its claim is still timely, including that the limitation period should run from the *SFR Investments Pool 1, LLC* decision, that lenders were misled, that the sale was conducted pursuant to an unconstitutional statute, and that no limitation period applies to a declaratory relief claim.

As discussed above, I reject BONY's argument that the limitation period runs from the *SFR Investments Pool 1, LLC* decision. I also reject BONY's argument that if the sale was conducted pursuant to an unconstitutional statute, no limitation period applies. The Supreme Court of Nevada has applied a limitation period to a claim alleging that tax revenues were unevenly distributed pursuant to an unconstitutional statute. *See City of Fernley v. State, Dep't of Tax*, 366 P.3d 699, 707 (Nev. 2016). The Supreme Court of Nevada thus applies statutes of limitations to acts taken pursuant to an allegedly unconstitutional statute.

"A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996), as amended (June 14, 1996). Where "a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (quotation omitted).

Consequently, BONY's declaratory relief claim is subject to a four-year limitation period and is untimely.

However, I will grant BONY leave to amend if it has a factual basis to support some form of tolling. Amendment would not be futile, despite SFR's argument that declaratory relief is a remedy and not a claim. The Declaratory Judgment Act allows federal courts to provide the remedy of a declaratory judgment in a case involving an actual controversy falling within the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 2201(a). In such a case, "the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 400-01 (5th Cir. 2011) (unpublished); *see also Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990) ("Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action."). The underlying claim in BONY's request for declaratory relief is to adjudicate rights in property under Nevada Revised Statutes § 40.010. BONY thus is asserting a claim and seeks a declaratory judgment as the remedy.

### B. Unjust Enrichment (count five)

SFR contends the unjust enrichment claim is untimely. Alternatively, SFR contends the allegations that it was unjustly enriched by obtaining and using the property fails as a matter of law because BONY never owned the property, so SFR has not retained an interest belonging to BONY. SFR argues that the allegations that it was unjustly enriched due to BONY's payment of

taxes, insurance, and homeowners' assessments fail as a matter of law because any such payments were voluntary and BONY does not allege that it made the payments under protest.

BONY responds that payments of insurance, taxes, and HOA assessments have benefitted SFR as the property owner, and whether the payments were voluntary is a fact question not suitable for determination at the dismissal stage. BONY contends an exception to that doctrine applies because BONY made the payments in defense of property.

Unjust enrichment is governed by a four-year limitation period. *In re Amerco Deriv. Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc) (citing Nev. Rev. Stat. § 11.190(2)(c)). However, it is not apparent from the face of the complaint that the unjust enrichment claim is untimely. BONY does not allege when it made the payments. I therefore deny SFR's motion to the extent it alleges the claim is untimely.

I also deny SFR's motion on the basis of the voluntary payment doctrine. That doctrine is an affirmative defense, so SFR bears the burden of proving it applies. *Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1254 (Nev. 2014) (en banc). SFR cites no authority for the proposition that BONY had to anticipate this affirmative defense and plead facts to defeat it in order to survive a motion to dismiss. *See W. Charleston Lofts I, LLC v. R & O Const. Co.*, 915 F. Supp. 2d 1191, 1195 (D. Nev. 2013).

**C. Failure to Join a Party**

SFR contends the prior homeowners are necessary parties because BONY seeks to unwind the HOA foreclosure sale, which would reinstate the prior owners as the property owners. SFR argues that under Nevada Revised Statutes § 30.130, BONY was required to make the prior owners parties to this declaratory relief action. BONY argues the prior owners are not necessary parties and even if they are, the remedy should be joinder not dismissal.

Under Federal Rule of Civil Procedure 19(a)(1)(B)(i), a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." If such a person "has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

One form of relief BONY requests in it is complaint is to set aside the HOA foreclosure sale. ECF No. 1 at 11. Because setting aside the foreclosure sale would reinstate the prior homeowners as the property owners, the prior owners would be necessary parties to afford this relief. Fed. R. Civ. P. 19(a). But dismissal would not be the proper remedy. Rather, if BONY is going to amend its quiet title and declaratory relief claims, then BONY must either join the former owners or show why joinder is not feasible. *See* Fed. R. Civ. P. 19(a)(2), (c). I therefore deny SFR's motion to dismiss to the extent it is based on a failure to join a necessary party.

**III. MOTION TO STAY CASE**

SFR moves to stay the entire case until I resolve the motions to dismiss. I deny the motion to stay the entire litigation because I have now ruled on those motions. BONY's unjust enrichment claim against SFR has survived and BONY may be able to state a timely quiet title claim.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Canyon Gate Master Association's motion to dismiss **(ECF No. 10) is GRANTED**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 22) is GRANTED in part** as described above.

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon Trust Company, National Association shall have until March 29, 2019 to file an amended complaint consistent with this order if facts exist to do so.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion to stay case **(ECF No. 25) is DENIED**.

DATED this 28th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE