# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendants

Case No.: 2:18-cv-00978-APG-DJA

**Order (1) Granting SFR's Motion for
Summary Judgment, (2) Denying BONY's
Motion for Summary Judgment, and
(3) Denying SFR's Motion to Strike as
Moot**

[ECF Nos. 42, 50, 52]

Plaintiff Bank of New York Mellon Trust Company, National Association (BONY), as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2002-RS3, sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA) extinguished BONY's deed of trust encumbering property located at 1809 Iron Ridge Drive in Las Vegas, Nevada. Defendant SFR Investments Pool 1, LLC (SFR) bought the property at the HOA foreclosure sale.

I previously denied SFR's motion to dismiss BONY's unjust enrichment claim. ECF No. 33 at 10-11. SFR and BONY move for summary judgment on this claim. SFR also moves to strike the exhibit attached to BONY's motion.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant SFR's motion and deny BONY's motion because BONY's payment of insurance premiums conferred no benefit on SFR and BONY's payments of taxes were voluntary. I deny SFR's motion to strike as moot.

////

////

# I. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation omitted).

/ / / /

/ / / /

## II.  ANALYSIS

SFR argues that BONY has not produced proof that it paid taxes or insurance after the HOA foreclosure sale, so it cannot show SFR was unjustly enriched.  Alternatively, SFR argues that BONY's unjust enrichment claim fails under the voluntary payment doctrine because BONY was not required by law to pay, it never asked SFR to pay, and it never told SFR it was paying under protest.  SFR also moves to strike an exhibit that BONY attached to its motion for summary judgment as not timely disclosed and unauthenticated.

BONY responds that it has produced evidence that it paid property taxes and insurance premiums for the property.  It also argues it did so to preserve its security interest in the property, so the voluntary payment doctrine does not apply.  BONY contends I should not strike its exhibit because it was timely produced through a supplemental disclosure and is authenticated in its reply brief.

### A.  Insurance Premiums

Even if I considered BONY's late-produced evidence, its unjust enrichment claim fails as a matter of law as to the insurance premiums because BONY has presented no evidence or argument as to how BONY conferred a benefit on SFR through paying insurance premiums.  There is no evidence that SFR is an additional insured on the policy or would receive proceeds from a payout under the policy.  I therefore grant SFR's motion and deny BONY's motion as to the insurance premiums.

### B.  Taxes

"The voluntary payment doctrine is a long-standing doctrine of law, which clearly provides that one who makes a payment voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment." *Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist.*

*Ct.*, 338 P.3d 1250, 1252 (Nev. 2014) (en banc) (quotation omitted). A payment is voluntary if made "without protest as to its correctness or legality." *Id.* at 1253 (quotation and emphasis omitted). The doctrine is an affirmative defense, so SFR bears the burden of proving it applies. *Id.* at 1254. Once SFR shows that BONY made a voluntary payment, "the burden shifts to [BONY] to demonstrate that an exception to the voluntary payment doctrine applies." *Id.* If an exception applies, then BONY "is not precluded from recovering a payment that it made without protest." *Id.*

One exception to the doctrine is a payment made in the defense of property. This defense applies where the party making the payment risks losing a property interest if it does not make the payment. *Id.* A lien "that is not subject to ongoing or imminent foreclosure proceedings does not create a risk of the loss of property," so the defense of property exception would not be triggered. *Id.* "Furthermore, where a reasonable legal remedy is available to the payor, a payment made to relieve the lien is voluntary." *Id.*

Here, BONY alleged in its complaint that it paid insurance premiums and property taxes for the property after the HOA sale. ECF No. 1 at 15. Although SFR disputes that BONY has presented evidence of any such payments, SFR has presented evidence that if BONY did so, the payment was voluntary. There is no evidence that, as a lienholder, BONY had a legal obligation to pay property taxes or insurance premiums on the property. There is no evidence that after the HOA sale, SFR requested that BONY pay taxes or insurance premiums for the property, that SFR refused to pay taxes or insurance after BONY requested it do so, that BONY billed SFR, or that BONY otherwise objected to making any such payments. ECF No. 42-2 at 3. SFR therefore has met its burden of showing BONY's payment was voluntary.

BONY contends the defense of property exception applies because it made those payments to preserve its security interest in the property. But BONY has presented no evidence that a tax lien existed against the property or that any such lien was subject to imminent or ongoing foreclosure such that BONY's security interest was at risk of loss. BONY therefore has not demonstrated that the defense of property exception applies.

### C. SFR's Motion to Strike

Because I grant SFR's motion for summary judgment even if I consider BONY's evidence, I deny SFR's motion to strike as moot. But I take this opportunity to address some concerns I have about the briefing in this matter. First, BONY characterized its supplemental disclosure of WFZ0382 as "timely." ECF No. 55 at 2. It was not. BONY's initial disclosures, dated November 19, 2018, did not disclose any documents related to its alleged payment of taxes or insurance even though almost all of the payments in the ledger pre-date the initial disclosures. ECF Nos. 42-1 at 8-9; 50-1. It also did not disclose a witness related to this claim. ECF No. 42-1 at 6-7. And in its computation of damages, BONY stated that it "may pursue attorney's fees and costs incurred in this case," but it did not identify as damages the payment of taxes or insurance, nor did it quantify those damages. *Id.* at 9.

SFR filed its motion for summary judgment on April 19, 2019, which was six days before discovery closed on April 25. ECF No. 42; *see also* ECF No. 30 at 3. BONY had not supplemented its initial disclosures by that date. ECF No. 42-1 at 2. Consequently, at the time SFR filed its motion, BONY had not disclosed any witnesses or documents regarding the alleged payment of taxes or insurance, nor had it provided a computation of damages for those payments.

After SFR filed its motion, BONY filed two supplemental disclosures. ECF Nos. 49-1 at 2; 49-2; 49-3. The first supplemental disclosure, dated April 22, 2019, identified for the first time an "Ocwen Payment History," with a Bates range of WFZ0382-WFZ0386. ECF No. 49-2 at 7. BONY also updated its computation of damages to state that it "will seek to recover damages for property taxes and insurance paid on the subject property after the HOA foreclosure sale." *Id.* at 7. But it did not state an amount for those payments. *Id.* It also did not identify a witness from Ocwen. *Id.* at 3-4.

Federal Rule of Civil Procedure 26(a)(1)(A) states:

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Rule 26(a)(1)(C) requires a party to serve its initial disclosures, including the computation of damages, within 14 days after the parties' Rule 26(f) conference.

BONY failed in all three respects. The Rule 26(f) conference was held on October 25, 2018. ECF No. 27 at 2. BONY did not disclose a witness, documents, or a computation of damages related to its unjust enrichment claim within 14 days. Rather, it waited until just a few days before discovery closed approximately six months later to make its first (and still inadequate) disclosure as to this claim. It still has not made available for inspection the

underlying evidentiary material supporting its claim that it paid taxes and insurance. It disclosed a potential witness for the first time in its reply brief filed in July 2019. And it has not updated its computation of damages to quantify the amount requested. This is the opposite of "timely."

Despite BONY's failure to meet its obligations under Rule 26, it states in its opposition to SFR's motion to strike that "failure to perform discovery as to the unjust enrichment cause of action is not the result of any action by BONY, but the deliberate and intentional inaction of SFR. The operative pleading fully identified the basis for the cause of action and the fact that BONY paid property taxes and insurance for the property. If SFR failed to inquire during the discovery phase more details concerning those payments, then the fault is on SFR, not BONY." ECF No. 55 at 4. That is incorrect. BONY was obligated to make initial disclosures regarding its unjust enrichment claim. It did not do so. BONY has failed to address harmlessness or substantial justification for its failure to comply with its discovery obligations. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1). But because I am granting SFR's motion for summary judgment, I need not address an appropriate sanction.

Finally, in BONY's opposition to SFR's motion, BONY states that "SFR's statement that BONY 'provided no payment ledgers' or other documents to support its claim is an outright lie." ECF No. 48 at 8. But SFR's statement was true when it was made because at the time SFR filed its motion, BONY had not disclosed a single document or witness related to its unjust enrichment claim.[1] BONY's accusation was thus itself factually incorrect. As stated in Local

---

[1] There is also no cause for BONY's statement that SFR is playing "fast and loose with the facts of this case." ECF No. 48 at 10.

Rule 1-1(c), the "court expects a high degree of professionalism and civility from attorneys." I remind BONY's counsel of their professional obligations in front of this court.

**III. CONCLUSION**

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment as to plaintiff Bank of New York Mellon Trust Company's unjust enrichment claim **(ECF No. 42) is GRANTED**.

I FURTHER ORDER that plaintiff Bank of New York Mellon Trust Company's motion for summary judgment **(ECF No. 50) is DENIED**.

I FURTHER ORDER that defendant SFR Investments Pool 1, LLC's motion to strike **(ECF No. 52) is DENIED as moot**.

DATED this 25th day of November, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE