## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants | Case No.: 2:18-cv-00978-APG-DJA<br><br>**Order Denying Motions for Reconsideration**<br><br>[ECF Nos. 34, 35] |

Plaintiff Bank of New York Mellon (BONY), as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2002-RS3, sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA) extinguished BONY's deed of trust encumbering property located at 1809 Iron Ridge Drive in Las Vegas, Nevada. Defendant SFR Investments Pool 1, LLC (SFR) bought the property at the HOA foreclosure sale. BONY also sues the HOA, defendant Canyon Gate Master Association (Canyon Gate), for damages if the deed of trust was extinguished.

I previously granted Canyon Gate's motion to dismiss all of BONY's claims against it, with leave for BONY to amend to add facts making some form of tolling plausible for some of its claims. ECF No. 33. BONY moves for reconsideration of this order on three grounds: (1) the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) is controlling authority that governs its declaratory relief claims; (2) a five-year limitation period applies to its declaratory relief claims so those claims are timely; and (3) its contract claims should not have been dismissed because the mortgage protection clause in the CC&Rs does not conflict with Nevada law that precludes an HOA from waiving its superpriority

lien. SFR and Canyon Gate respond that BONY's motion is improper because it relies on arguments BONY already made or could have made. On the merits, they argue that *Bourne Valley* is no longer controlling law, so I did not err by dismissing BONY's claims that relied on that case. And they contend that BONY's statute of limitations argument is a repeat of its prior response and BONY has not identified any intervening authority that would support reconsideration. Finally, Canyon Gate separately contends that BONY's argument regarding the CC&Rs is just a repackaged argument that the HOA can contractually agree through its CC&Rs to subordinate its lien.

The parties are familiar with the facts so I do not repeat them here except where necessary. I deny BONY's motions for reconsideration.

**I. ANALYSIS**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or

evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### A. Bourne Valley

*Bourne Valley* is no longer good law and Chapter 116 as it existed as of the time of this sale did not violate BONY's due process rights. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016). I therefore deny BONY's motions to reconsider based on *Bourne Valley*.

### B. Limitations Period

BONY's argument that a five-year limitation period should apply is a rehash of arguments already made and rejected. I deny BONY's motions with respect to the statute of limitations.

### C. Contract Claims

BONY argues that the mortgage protection clause in the CC&Rs is not a subordination agreement so it is not a waiver of the HOA's superpriority lien. This argument was raised in BONY's opposition to Canyon Gate's motion to dismiss. To the extent BONY has expanded on that argument in its motion for reconsideration, BONY could have made those arguments in its opposition. Thus, BONY has not identified a valid ground for reconsideration. Moreover, the Supreme Court of Nevada has rejected a similar argument. *See Marchai B.T. v. Beacon Street Homeowners Association*, No. 77729, 2019 WL 6117570 (Nev. Nov. 15, 2019) (stating the court was "not persuaded that a CC&R provision wherein an HOA purportedly expresses its intent to never exercise its superpriority lien rights can be logically distinguished from a 'waiver' that is

precluded by NRS 116.1104"). Because none of the grounds BONY raises in its motions supports reconsideration, I deny BONY's motions.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motions to amend or for reconsideration **(ECF Nos. 34, 35) are DENIED**.

DATED this 25th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE